FILED

06/14/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0693

DA 15-0693

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 147N

SHARON HALL,

      Plaintiff and Appellant,

v.

CLAIR WALKER, ROBIN NATION, YELLOWSTONE GROUP
REALTORS, KEN BRANNON, REAL ESTATE BY HAMWEY,
DAVID PLOURDE and DOES ONE THROUGH FIVE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-09-964
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Sharon Hall, self-represented; Shepherd, Montana

      For Appellees:

            Ronald Earl Youde, Youde Law Firm, P.C.; Billings, Montana
            (for Clair Walker)

            Robert E. LaFountain, Attorney at Law; Billings, Montana
            (for Yellowstone Group Realtors)

            Thomas Mahlen, Halverson, Mahlen & Wright, P.C.; Billings, Montana
            (for David Plourde)

            Bruce Fain, Crowley Fleck PLLP; Billings, Montana
            (for Ken Brannon and Real Estate by Hamway)

            Kelly J. Varnes, Henderickson Law Firm, P.C.; Billings, Montana

Submitted on Briefs: June 1, 2016

Decided: June 14, 2016

Filed:

_Clerk_

2

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sharon Hall, pro se, Plaintiff herein, appeals from the District Court's granting of summary judgment to Defendants Ken Brannon and David Plourde in separate orders entered in May 2011, and the court's dismissal of the action as to the remaining Defendants in November 2015 for Hall's failure to prosecute those claims.

¶3 Hall initiated this action in 2009, raising claims related to her purchase of a home in the area of Shepherd, Montana, in 2007. Hall alleged there were defects and significant problems with the residence, which she asserted were undisclosed. Hall named Robin Nation, a real estate agent for Yellowstone Group Realtors, Hall's agent for the transaction; Ken Brannon, a real estate agent for Real Estate by Hamwey, agent for the sellers for the transaction; Clair and Patty Walker, sellers of the property;[1] and David Plourde, a home inspector hired by Hall to inspect the property. Hall brought claims of negligence, negligence per se, negligent misrepresentation, violation of the Montana Unfair Trade Practices Act, violation of the Consumer Protection Act, violation of the

---

[1] Patty Walker passed away in October 2011. Hall did not substitute her Estate as a party, and she was dismissed from the action in November 2012.

3

Real Estate Licensing Act, breach of express and implied warranties, fraud, and constructive fraud against some or all of the Defendants, seeking compensatory and punitive damages.

¶4 Hall, initially represented by counsel, did very little from the beginning to prosecute the case, conducting minimal discovery. Brannon and Plourde moved for summary judgment and were dismissed from the action in July 2011. Hall requested numerous extensions of litigation deadlines, often citing medical problems. In October 2012, Nation opposed a request to further extend discovery and expert disclosure deadlines. The District Court granted the extension, but in August 2014 issued a Notice to Hall under local rules that "the cause will be dismissed for failure to prosecute" unless Hall demonstrated good cause why the action should continue. In response, Hall asked that the case not be dismissed and requested a setting of a new trial date, to which the District Court agreed. However, Hall's counsel withdrew in November 2014 after being suspended from the practice of law by this Court. The District Court rescheduled the trial for November 2015, only to receive successive requests for continuances of the new date from Hall. Noting that "Hall has not affirmatively litigated the merits of her case since July 2011 other than to seek extensions of deadlines and continuances of trial dates," the District Court dismissed the action for failure to prosecute in November 2015.

¶5 On appeal, Hall challenges the entry of summary judgment in favor of Brannon and Plourde. Hall filed an affidavit in opposition to summary judgment that primarily addressed problems she had with the property and generally attacked the Defendants, but

4

did not establish a breach of duty on the part of Brannon and Plourde, nor satisfy her burden to "'present substantial evidence, as opposed to mere denial, speculation, or conclusory statements' to establish that a genuine issue of material fact exists." *New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls*, 2014 MT 69, ¶ 19, 374 Mont. 229, 328 P.3d 586 (citation omitted). Hall admitted during her deposition that she had no evidence that Brannon knew of or failed to disclose any alleged defects in the property, and her attempt by affidavit to contradict her deposition testimony was rejected by the District Court. We review summary judgment orders de novo. *New Hope Lutheran*, ¶ 19 (citation omitted).

¶6      Hall challenges the dismissal for failure to prosecute as well. The District Court delineated Hall's lack of diligence in pursuing the matter, including seven requests to continue deadlines and trial dates, over the objection of the Defendants, and the prejudice to the defense caused by Hall's delay, including the death of Mrs. Walker, accelerated deterioration to the subject property by Hall's lack of maintenance over the years of litigation, and the continued lack of necessary effort on behalf of Hall to prepare the case for trial—signaling still-to-come lengthy proceedings for the Defendants. The court determined that alternative sanctions would be unavailing, and that Hall had been previously warned about further delays and the possibility of dismissal. *See A.M. Welles, Inc. v. Mont. Materials, Inc.*, 2015 MT 38, ¶ 18, 378 Mont. 173, 342 P.3d 987. We review a dismissal for failure to prosecute to determine whether the district court abused its discretion. *A.M. Welles*, ¶ 5 (citation omitted).

5

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The case presents questions controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and the District Court did not abuse its discretion.

¶8    Affirmed.

_____
                                    Justice

We concur:

_____

_____

_____

_____
          Justices

6